IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
                                :
          v.                    :       NO. 1:14-CR-395-TCB-ECS
                                :
                                :
                                :
KEITH HAWKINS                   :
```

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

**I.**

This matter is before the Court on Defendant's motion to suppress statements he made at the Atlanta Police Department on October 17, 2014. [Doc. 90]. The motion came on for hearing before the undersigned on April 28, 2015. [Doc. 122]. The parties were directed to brief the motion after the hearing. The transcript has now been prepared,[1] but Defendant did not file a brief in support of his motion as he was directed and permitted to do. For the reasons stated herein, I **RECOMMEND** that the motion to suppress be **DENIED**.

---

[1] The transcript was filed on May 11, 2015. [Doc. 129]. References to the transcript will be indicated as follows: ("T. page").

AO 72A
(Rev.8/82)

## II.

## **The Facts**

The facts as they are pertinent to the motion are as follows: Defendant was arrested on October 17, 2014, for assaulting, interfering with and intimidating an undercover federal ATF agent engaged in the performance of his official duties. [Doc. 1]. He was taken to Atlanta Police Headquarters at 226 Peachtree Street where he was interviewed by ATF Task Force Officers ("TFO"'s) Andrew Griffin and Brian Ernest. (T. 7, 34). The interview was video and audio recorded. See Gov't. Exh. 2. At the commencement of the interview, Defendant was advised of his rights, acknowledged that he understood his rights, and agreed to speak to the officers without an attorney. (T. 9, 35-36); Gov't. Exh. 2. During the interview Defendant was not threatened or subjected to any duress, nor were any promises made to him to induce his cooperation. (T.13-14,37-38); Gov't. Exh. 2. The interview lasted approximately 28 minutes. See Gov't. Exh. 2 (running time approximately 28 minutes).

AO 72A
(Rev.8/82)

### III.

### Discussion

Defendant filed only a bare-boned motion to suppress. [Doc. 90]. He alleges that his interrogation on October 17, 2014,[2] "was done without and/or prior to the defendant having been advised of his rights under Miranda." Id. at 2. He also requested a hearing, arguing that the government has the burden of proving voluntariness, but he does not specifically allege that defendant's statements were not voluntary. Id.

A review of the transcript and the video shows that Defendant was administered his Miranda[3] warnings; that he knowingly, intelligently and voluntarily waived his rights under Miranda; and that he agreed to speak. (T.9-18, 35-42); Gov't Exh. 2 (Hawkins Interview). There is no evidence suggesting that the statements were not voluntary; indeed, the evidence supports the contrary conclusion. Furthermore, the failure to file a brief effectively amounts to abandonment of the motion.

---

[2] Defendant erroneously referenced October 20, as the date of the arrest and subsequent interrogation. The date was October 17, 2014. See Gov't Exh. 2; (T. 3).

[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

AO 72A
(Rev.8/82)

Accordingly, I **RECOMMEND** that the motion to suppress statements filed on behalf of Defendant Hawkins, [Doc. 90], be **DENIED**.

In addition, it appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this case be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED and RECOMMENDED**, this 10th day of June, 2015.

*S/ E. Clayton Scofield III*
E. Clayton Scofield III
**UNITED STATES MAGISTRATE JUDGE**

4